Argued February 26, affirmed April 2, 1952

## STATE OF OREGON *v.* McINTYRE

242 P. 2d 189

*Stanley J. Mitchell,* of Oregon City, argued the cause and filed a brief for appellant.

*Winston L. Bradshaw,* Deputy District Attorney of Clackamas County, argued the cause for respondent. With him on the brief were George Neuner, Attorney General of the State of Oregon, and Leonard I. Lindas, District Attorney of Clackamas County.

## HAY, J.

The defendant was indicted for the crime against nature, and, after trial by jury, was convicted and sentenced to serve a term not exceeding two years in the state penitentiary. He appeals.

The evidence on the part of the state showed that defendant, a bachelor of 59 years of age, owned and operated a general mercantile store at Estacada, Oregon; that, on December 15, 1949, two 16-year old boys entered the store and purchased cigarettes; that defendant persuaded the boys to go with him into a back room, and there, with one of the boys, committed the crime charged; that the act was performed in the presence of the other boy, and that, afterwards, defendant committed a similar act upon the other boy in presence of the first. The only evidence offered by the state was the testimony of the two boys. We shall designate the boys by the fictitious names of John Doe and Richard Roe, John Doe being the boy who was involved in the case at bar.

The defendant makes two assignments of error. The first is that the court erred in refusing to direct a verdict of not guilty in his behalf, the second, that the court erred in refusing to give certain instructions requested by him.

Although the second assignment is subdivided into six separate points, the fact is that both assignments are based upon the argument that defendant was convicted upon the uncorroborated testimony of accomplices.

Section 23-202, OCLA, provides as follows:

"All persons concerned in the commission of a crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the crime, or aid and abet in its commission, though

not present, are principals, and to be tried and punished as such."

Defendant argues that both boys knowingly, voluntarily, and with common intent participated in the act with which he is charged; that both were present when the act was committed, that neither was restrained in any particular by him, and no force was used. Therefore, he argues, both boys were principals with him in the commission of the crime, and, therefore, both were accomplices therein.

It is contended that, in a criminal case where the facts are undisputed, the question of whether or not a witness was an accomplice is one of law for the court. On this point defendant cites *State v. Carr,* 28 Or 389, 396, 42 P 215. It was there held that " * * * one who, being of mature years, and in possession of his ordinary faculties, knowingly and voluntarily cooperates with or aids and assists another in the commission of a crime, is an accomplice, without regard to the degree of his guilt: 1 Russell on Crimes, 49; Wharton on Criminal Evidence, § 440; Rice on Criminal Evidence, § 319; Bishop on Criminal Procedure, § 1159; *Cross v. People,* 47 Ill. 152, 95 Am. Dec. 474."

In the instant case, the court found the boy, John Doe, to be an accomplice of defendant's, and so instructed the jury. As to the other boy, Richard Roe, he submitted to the jury the question of whether or not he was an accomplice.

In *State v. Start,* 65 Or 178, 183, 132 P 512, 46 LRA NS 266, a sodomy case, the majority opinion, by Mr. Justice BURNETT, held that the question of whether or not a witness to the act charged, who did not participate in or aid or abet the act, was an accomplice, should have been submitted to the jury under proper instruc-

tions. The witness in that case was a man of mature years. There were, as the court commented, circumstances from which the jury could have inferred that he was abetting the commission of the crime, as that he guarded the door to prevent observation or detection.

■ ■ In the case at bar, the witness, Richard Roe, was a mere boy. There was no evidence that he aided or abetted defendant, or participated in the offense in any manner. In our opinion, as a matter of law, he was not an accomplice.

■ Defendant's motion for a directed verdict was properly denied, and, while we think that the court should have instructed the jury, as a matter of law, that the boy, Richard Roe, was not an accomplice, nevertheless, its submission of this question to the jury was more favorable to defendant than he had a right to expect.

We find no error in the record, and the judgment is affirmed.